# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1547V
UNPUBLISHED

| | |
|---|---|
| VERONICA MENDOZA,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: September 2, 2022<br><br>Motion for decision; Dismissal; Tdap Vaccine; MMR Vaccine; Varicella vaccine; Guillain-Barré syndrome ("GBS"); vaccine received outside United States |

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On July 6, 2021, Veronica Mendoza filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Ms. Mendoza alleged that she developed Guillain-Barré syndrome ("GBS") after receiving Tdap, MMR, and varicella vaccinations on July 18, 2018. ECF No. 1.

On August 4, 2022, Ms. Mendoza filed a motion for a decision dismissing the petition. For the reasons set forth below, Ms. Mendoza's motion is **GRANTED**, and this case is **DISMISSED**.

In the petition, Ms. Mendoza alleged that she developed GBS after receiving the three vaccinations on July 18, 2018, at Servicios Medicos de la Frontera, a "clinic approved by the U.S. Department of State to treat Mexican citizens prior to their

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "Sec." references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

immigrant visa interview in Juarez, Mexico." ECF No. 1; exhibit 7 ¶ 2 (affidavit). The vaccination document indicated that Petitioner had received the three vaccinations on the date alleged but did not contain any additional identifying information for the vaccinations, such as manufacturer, brand name, lot number, etc. Exhibit 1.

After the initial review of the case, an order issued on December 9, 2021, requiring Petitioner to, inter alia, provide additional evidence concerning the manufacturer of the vaccines because the vaccines were administered outside the United States. Sec. 11(c)(1)(B)(III) (for vaccines received outside the United States, requiring that the "vaccine[s] [were] manufactured by a vaccine manufacturer located in the United States"); ECF No. 8.

Ms. Mendoza received multiple extensions of time to pursue additional medical records.

On August 4, 2022, Ms. Mendoza filed a motion for a decision dismissing the petition stating that she is "unable to obtain proof that the vaccine administered was manufactured in the United States." ECF No. 17.

To receive compensation under the National Vaccine Injury Compensation Program for vaccines administered outside the United States, a petitioner must prove that the "vaccine[s] [were] manufactured by a vaccine manufacturer located in the United States." Sec. 11(c)(1)(B)(III). Ms. Mendoza established that she received the vaccines at issue outside the United States, i.e., in Juarez, Mexico, but has conceded that she cannot establish that the vaccines were manufactured by a vaccine manufacturer located in the United States.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."