# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-1547V
UNPUBLISHED

|  |  |
|---|---|
| VERONICA MENDOZA,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br><br>Filed: September 23, 2025 |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION DENYING ATTORNEY'S FEES AND COSTS[1]

On July 6, 2021, Veronica Mendoza filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Petitioner alleged that she developed Guillain-Barré syndrome ("GBS") after receiving Tdap, MMR, and varicella vaccinations on July 18, 2018. ECF No. 1 at 1.

On September 2, 2022, I granted Petitioner's motion to dismiss and issued a decision dismissing the petition because, for vaccines received outside the United States,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "Section" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner had admittedly not provided sufficient proof that the vaccines were manufactured by a vaccine manufacturer located in the United States, as required by the Vaccine Act. ECF No. 19.

Petitioner then filed a motion for attorney's fees and costs requesting a total award of $11,862.14 (representing $10,805.50 in fees and $1,056.64 in costs). ECF No. 20. Respondent opposed the motion arguing that Petitioner has failed to establish reasonable basis of her claim and that Petitioner's motion should be denied. ECF No. 21. Petitioner filed her reply stating that she had met all element of a *prima facie* claim and counsel acted reasonably in filing Petitioner's claim. ECF No. 23.

For the reasons discussed below, Petitioner has failed to establish there was a reasonable basis for her claim. Thus, she is not entitled to an award of attorney's fees and costs, and the fees motion is **DENIED**.

## I.    Applicable Legal Standards

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorneys' fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when a petition was untimely filed). It has been noted that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (June 29, 2012). It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

2

As the Federal Circuit explained, whether a discretionary fees award is appropriate involves two distinct inquiries: (1) a subjective one when assessing whether a petition was brought in good faith,[3] and (2) an objective one when ascertaining whether reasonable basis existed. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Good faith is a subjective test, satisfied through subjective evidence"); *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007) ("[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation."); *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (May 15, 2014)) (addressing the objective requirements of reasonable basis).

Reasonable basis looks to objective proof in the record in support of a claim. *Cottingham,* 971 F.3d at 1344. The reasonable basis requirement thus examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Reasonable basis is an extremely lenient standard. *Hughes v. Sec'y of Health & Hum. Servs.*, No. 16-930V, 2021 WL 6621169, at *3 (Fed. Cl. Spec. Mstr. Dec. 29, 2021) *mot. for review denied*, 154 Fed. Cl. 640 (June 4, 2021). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham*, 971 F.3d at 1345-46. Nevertheless, this standard can be failed – and determinations that a claim's allegations lack objective support that should have steered counsel against initiation of a claim can result in complete denial of fees. *Goodgame v. Sec'y of Health & Hum. Servs.*, No. 17-339V, 2021 WL 1940817, at *1 (Fed. Cl. Spec. Mstr. Apr. 16, 2021), *mot. for review denied,* 157 Fed. Cl. 62 (Oct. 29, 2021); *L.P. v. Sec'y of Health & Hum. Servs.*, No. 17-203V, 2018 WL 1044952, at *1 (Fed. Cl. Spec. Mstr. Jan. 30, 2018), *mot. for review denied*, 150 Fed. Cl. 396 (Oct. 8, 2020). The good faith

---

[3] Respondent is not challenging Petitioner's good faith in bringing the petition. While I do not find any reason to doubt Petitioner's good faith, this matter hinges on reasonable basis and any further discussion of good faith is unnecessary.

3

acts of counsel, moreover – including the need to file a claim before a looming limitations period cut-off – are relevant only to good faith, and thus do not shed light on a claim's objective support. *Simmons*, 875 F.3d at 636.

In evaluating whether reasonable basis exists, a special master should take into account whether some of the fundamental substantiating elements that any filed petition must possess have been demonstrated on the basis of evidence filed. The Federal Circuit has noted that a "petition must include 'an affidavit, *and supporting documentation*, demonstrating that the person who suffered such injury':

(1) received a vaccine listed on the Vaccine Injury Table;

(2) received the vaccination in the United States, or under certain stated circumstances outside of the United States;

(3) sustained (or had significantly aggravated) an injury as set forth in the Vaccine Injury Table (42 C.F.R. § 100.3(e)) or that was caused by the vaccine;

(4) experienced the residual effects of the injury for more than six months, died, or required an in-patient hospitalization with surgical intervention; and

(5) has not previously collected an award or settlement of a civil action for damages for the same injury."

*Cottingham,* 971 F.3d at 1345-46 (emphasis added).

The specific requirement at issue here is whether Petitioner satisfies the circumstances laid down by the Vaccine Act for vaccinations received outside the United States. Petitioner does not state that she is a "citizen of the United States serving abroad as a member of the Armed Forces or otherwise as an employee of the United States or a dependent of such a citizen" that would permit her to pursue a vaccine claim under Sec. 11(c)(1)(B)(i)(II). Instead, Petitioner would need to satisfy Sec. 11(c)(1)(B)(i)(III) by establishing that the "vaccine was manufactured by a vaccine manufacturer located in the United States and such person returned to the United States not later than 6 months after the date of the vaccination."[4]

---

[4] Respondent has not disputed that Petitioner returned to the United States within six months of receiving the vaccinations on July 18, 2018. The medical records support Petitioner's return to the United States on January 18, 2019. Exhibit 2 at 14 (Petitioner flew in from Mexico the Friday before a Wednesday, January 23, 2019 medical encounter).

4

## II.      Parties' Arguments Related to the Manufacturers of the Vaccines

Petitioner stated in her petition that she received the vaccinations at issue outside the United States in Juarez, Mexico.[5] ECF No. 1 ¶ 1; exhibit 7 (Petitioner's affidavit) ¶ 2. Petitioner admitted in her motion to dismiss that she "unable to obtain proof that the vaccine[s] administered [were] manufactured in the United States." ECF No. 17. I dismissed this case based on Petitioner's failure to obtain this proof and satisfy Sec. 11(c)(1)(B)(i)(III) of the Vaccine Act. ECF No. 19. In her motion for attorney's fees and costs, Petitioner did not address this lack of proof or anything regarding reasonable basis. ECF No. 20.

In his response, Respondent cited the Vaccine Act requirement to establish the vaccine manufacturer in these circumstances and argued that no evidence had been submitted to establish the manufacturer. ECF No. 21.

In her reply, Petitioner stated that her counsel "relied on the fact that [Petitioner] received vaccinations that were approved by the U.S. Department of State as well as a panel physician approved by the U.S. Department of State for a visa applicant" to conclude that the vaccines were "potentially manufactured in the United States." ECF No. 23 at 5. After the issue of the vaccine manufacturers was raised, counsel "exhausted every available option to attempt to secure proof that the vaccines administered to Petitioner were manufactured in the United States" but was unable to secure said proof. *Id.* at 2.

## III.     Analysis

The only issue to be determined is whether Petitioner has submitted enough evidence under the reasonable basis standard to establish that the vaccinations she received were manufactured by vaccine manufacturers located in the United States. Sec. 11(c)(1)(B)(i)(III). Petitioner had not submitted any direct evidence to establish the vaccine manufacturers. The immigration form submitted (exhibit 1) does not detail the vaccine manufacturers, the brand names of the vaccines (which could identify the manufacturers), or any other identifying information. Moreover, Petitioner has not

---

[5] Petitioner stated she received the vaccinations at the Servicios Medicos de la Frontera but has not filed vaccine administration records from this facility. Petitioner has only filed an immigration document (exhibit 1) that notes the vaccine history was "transferred from a written record." That underlying written record has not been filed.

submitted any medical records from the administering facility, Servicios Medicos de la Frontera, that might identify the vaccine manufacturers.

In the absence of direct evidence, Petitioner solely relies on the assumption that vaccines approved by the U.S. Department of State and a panel physician approved by the U.S. Department of State would likely involve vaccines manufactured in the United States. Petitioner has provided no evidence to bolster this assumption generally or why it would be true for vaccines administered specifically in Mexico. Petitioner has not cited any policies or standards from the State Department that would require visa applicants to receive vaccines manufactured in the United States, nor has she provided any evidence about the vaccine supply in Mexico to suggest that some or all types of vaccines come from the United States. It is significant that the Center for Disease Control's website states that "Since most vaccines used worldwide are from reliable local or international manufacturers, it is reasonable to assume that any vaccine received by an applicant was of adequate potency." *Vaccination – Technical Instructions for Civil Surgeons*, CENTER FOR DISEASE CONTROL, https://www.cdc.gov/immigrant-refugee-health/hcp/civil-surgeons/vaccination.html#cdc_generic_section_3-review-of-vaccination-records, (last visited Sept. 18, 2025). Contrary to Petitioner's assumption, the CDC, and by extension the State Department, has no requirement, or even a preference, that all vaccines received by visa applicants are manufactured in the United States.

Although reasonable basis is a low standard, Petitioner has not submitted any evidence, direct or inferential, to establish that the vaccinations she received were manufactured in the United States.

### Conclusion

For the reasons stated above, I conclude that Petitioner has failed to establish that there was a reasonable basis for her claim.  Accordingly, Petitioner's motion for attorney's fees and costs is **DENIED.** The Clerk of the Court is directed to enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.